## KENT v. SIMONS et al.

*(Circuit Court, D. Massachusetts. August 21, 1889.)*

1. PATENTS FOR INVENTIONS—ANTICIPATION.
    Letters patent No. 325,430, for improvements in buttons consisting in an open central bore for use with spring studs, though all the elements, separately considered, are found in prior patents for ordinary buttons, are valid, the combination being new, and producing an improved result.
2. SAME—INFRINGEMENT.
    Such patent is infringed by a fastener in which the cap is set by pressing down the edges so as to do away with the filling for the cap, as described in the patent, the fastener being the same with some slight changes in construction.

In Equity. Bill to enjoin infringement of patent.
*W. B. H. Dowse*, for complainant.
*Harry E. Knight*, for defendants.

COLT, J. This is a bill brought for the alleged infringement of letters patent No. 325,430, issued September 1, 1885, to Albert G. Mead, for improvements in buttons. The invention consists in certain improvements in glove fasteners of the type known as "metallic fasteners," which have a metallic button-hole member secured to one flap of the glove, with an opening on its under side to receive a spring stud attached to the other flap. It is not claimed that Mead was the first inventor of a fastener composed of a metallic button member and a metallic button-hole member, but the invention relates to an improved construction in the button-hole member, and especially in the retention of the button finish in fasteners of this type. The specification says:

"This invention relates to buttons, more particularly those secured to the fabric or cloth by metallic fastenings, and provided with an open central bore, which adapts them for use especially with spring studs, while in the particular 'button finish,' so-called, combined with the central bore; and in the general arrangement and disposition of the several parts with respect to each other, is embodied the subject of my invention."

The claims involved in this suit are the first and second:

"(1) In a button, provided with a central opening for receiving a spring stud, the combination of an inclosing cap, a perforated bottom disk, a second disk above the first, the button being attached as a whole to the fabric independent of said stud, substantially as set forth. (2) A convex, imperforate cap inclosing the interior of a button, in combination with a disk to which the

lower edges of said cap are attached, and which has a central opening, a second disk within said cap, and provided with a central tubular lip, which extends downward into the central opening of the first disk, and an eyelet for attaching the latter to the fabric, substantially as set forth."

The defenses relied upon in this case are anticipation, as shown by prior patents, and non-infringement. As bearing on this question of anticipation, it is necessary to construe the Mead patent. The defendants insist that the Mead patent is for an improvement in ordinary metal buttons, as shown in figure 3 of the patent, and that its use with a spring stud is only one of the forms in which the button may be used. I cannot accept this construction of the patent. The specification states that the invention relates more particularly to buttons provided with an open central bore, which adapts them for use especially with spring studs, and in the first claim the language is "a button provided with a central opening for receiving a spring stud." The principal object of the Mead invention was the production of an improved button adapted for use with a spring stud, and incidental thereto the patentee says that by putting a shank or neck on the button to allow space for the fabric, it may be employed as an ordinary button. Taking this view of the patent, that the invention of Mead is primarily an improvement in metallic fasteners to be used with spring studs, I think the patent is valid. There are many prior patents in this branch of the art, but as to this particular type of button, I think Mead made a patentable improvement over prior buttons of this class. All the elements of the Mead fastener, separately considered, may be found in prior patents for ordinary buttons, or for fasteners composed of a metallic button member, and metallic button-hole member, but the combination as arranged by Mead is new and produces an improved result; that improvement consisting largely in the convenient form of the central opening for receiving the spring stud, while at the same time preserving the "button finish." The Mead improvement is manifestly of limited scope in view of the many prior devices, but I do not think it was anticipated by anything found in those devices, and I believe its production, notwithstanding what preceded it in the art, involved the exercise of the inventive faculty. Upon the question of infringement I have no doubt. The defendants' fastener is the Mead fastener, with some slight changes in construction. In defendants' fastener the cap piece is so set by pressing down the edges as to do away with the necessity of any filling for the cap, such as Mead describes, and which is made an element in the combinations covered by the third and fourth claims of the patent. The present suit is upon claims 1 and 2, and these the defendants' fastener clearly infringes. Decree for complainant.