CONSOLIDATED FASTENER CO. v. WEISNER et al.

SAME v. LEHR.

(Circuit Court, D. Massachusetts. October 31, 1898.)

Nos. 961 and 962.

PATENTS—INFRINGEMENT—IMPROVEMENT IN METAL BUTTONS.

The Mead patent, No. 325,430, for an improvement in buttons, and relating particularly to buttons secured to the fabric by metal fastenings, the essential feature of the invention being an anvil plate in the interior of the button, against which the eyelet which passes through the fabric is riveted down upon the lower plate of the button, is not infringed by a button which has no such anvil plate.

These were two suits in equity by the Consolidated Fastener Company against Annie Weisner and others and against Samuel Lehr, respectively, for the infringement of a patent. Heard on motions for a preliminary injunction.

John R. Bennett and W. B. H. Dowse, for complainant.

Edmond Wetmore and William A. Jenner, for defendants.

COLT, Circuit Judge. This is a motion for a preliminary injunction, brought upon a bill for the alleged infringement of letters patent No. 325,430, granted September 1, 1885, to Albert G. Mead, for improvements in buttons. In Kent v. Simons, 39 Fed. 606, this court said, with respect to the Mead patent: "The Mead improvement is manifestly of limited scope, in view of the many prior devices." The Mead invention relates particularly to buttons secured to the fabric by metallic fastenings, and provided with an open central bore, which adapts them for use especially with spring studs. The specification says: "In the particular button finish, so called, combined with the central bore, and in the general arrangement and disposition of the several parts with respect to each other, is embodied the subject of my invention." The several parts of the Mead device are an exterior cap, a lower disk centrally perforated, and which is slightly dished, an upper circular disk provided with a central bore with the metal "at or near the opening bent or burred, forming a short frustrum of a cone." This disk or anvil plate rests upon the lower disk with the burred portion downward. The patent also describes a filling made of any stiff material, such as leather, which is inserted in the head of the button to prevent injury to the upper metal cap. The fastening eyelet is the ordinary eyelet having an internal central bore sufficiently large to permit the truncated cone formed on the anvil plate to enter therein. In operation the anvil plate spreads, and rivets the top of the eyelet down upon the lower disk, and prevents its withdrawal through the central bore of the button. The patentee states that he terms the upper disk an anvil plate, "since it acts like an anvil upon which to rivet or clinch the upper part of the shank of the fastening eyelet." The defendants' button consists of an inclosing cap having a button finish, an interior plate, a flanged tubular plate, which is put through the fabric, and having an in-turned lip, an under outside plate or washer upon which the tubular plate is upset, and an inside paper

washer. It has no eyelet and no anvil plate. The flanged plate does not act as an anvil plate to turn over the upper edge of an eyelet. Nor is the lower plate, or disk, of defendants' button the same or the equivalent of the lower disk of Mead. It is not inclosed by the cap; no eyelet is riveted down upon it; it is on the opposite side of the fabric. An anvil plate to rivet down the eyelet upon the lower disk is the essential feature in the Mead button, and this feature is not found in defendants' device.

The first claim of the Mead patent is as follows:

"(1) In a button provided with a central opening for receiving a spring stud, the combination of an inclosing cap, a perforated bottom disk, a second disk above the first, the button being attached as a whole to the fabric independent of said stud, substantially as set forth."

We do not find in defendants' button "the perforated bottom disk," and "a second disk (or anvil plate) above the first," which are the essential elements of this claim; and therefore we must hold that there is no infringement of this claim.

The only other claim involved in the present hearing is the third:

"(3) The combination of a plate having a central opening or bore, with a convex cap, E, inclosing and attached to said plate, and provided with a filling, F, also centrally perforated, substantially for purposes specified."

The experts differ as to whether the plate mentioned in this claim has reference to the upper or lower disk of the Mead button. But, upon either construction of the claim, there is no infringement, because defendants' button does not contain either of these disks. Bearing in mind the limited scope of the Mead patent in view of the prior art, and, for the purpose of this motion, assuming the patent to be valid, we do not think the complainant has made out a case of infringement which entitles it to a preliminary injunction. Motion denied.