CONSOLIDATED FASTENER CO. v. HAYS et al.

(Circuit Court, N. D. New York.   June 14, 1899.)

No. 6,749.

1. PATENTS—INFRINGEMENT—IMPROVEMENT.
   One has no right to appropriate an invention by adding thereto a new function, which in no way changes the action of the patented combination.

2. SAME—BUTTONS.
   The Mead patent, No. 325,430, for improvements in buttons, construed, and held infringed by the device of the Pringle patent, No. 600,114.

This was a suit in equity by the Consolidated Fastener Company against Daniel Hays and Lewis A. Tate for alleged infringement of a patent for an improvement in buttons.   The cause was heard on a motion for preliminary injunction.

John R. Bennett and Odin B. Roberts, for complainant.
Julian C. Dowell and Melville Church, for defendants.

COXE, District Judge.   This is a motion for a preliminary injunction to restrain the infringement of letters patent No. 325,430, granted to Albert G. Mead, September 1, 1885, for improvements in buttons.   The validity of the patent was affirmed in Kent v. Simons, 39 Fed. 606.   Since then the patent has been several times before the courts and has, in each instance, been upheld.   Upon this motion the only question open for discussion is the question of infringement, although, here also, the logical deduction from the Kent decision leads to a conclusion adverse to the defendants.   The infringing devices are so nearly similar that there can be little doubt that the result would have been the same had the defendants' button been before the court instead of the button there held to infringe.   The observation of the judge that "the defendants' fastener is the Mead fastener, with some slight changes in construction," is as applicable to this cause as to the one he was considering.

It is thought that the defendants' socket member is as near the combination of the second claim of the patent as was the device held to infringe in the Kent Case.   The principal difference is that the eyelet sleeve is split so as to give resiliency to the end which comes in contact with the head of the stud which is made solid, thus making a spring socket instead of a spring stud.   This addition may or may not be an improvement, but it is entirely clear that the defendants cannot appropriate the Mead invention by adding thereto a new function which in no way changes the action of the patented combination. It will hardly be pretended that after the decision referred to the defendants in the Kent Case could have escaped infringement by making such a slit in the Raymond button.   Especially is this true in view of the fact that the Pringle patent, No. 600,114, under which the defendants manufacture, shows a slitted socket with a solid stud and an unslitted socket with a spring stud as alternative and equivalent constructions.   The language of Pringle's specification is as follows:

"I have shown in Fig. 1 a slitted or spring stud catch for use with a nonresilient stud, while in Fig. 2 is illustrated an unslitted stud catch designed to

be used with a slitted or spring stud. In fact any suitable form of stud may be used with my stud catch, and my stud catch may be used with various kinds of button heads or may be clenched directly to the material; and I do not desire to be understood as being limited to the details shown."

The only other difference which demands attention is that the anvil plate of the patent has a hole in its center and the corresponding part of the defendants' device is not so perforated. The absence of this hole is immaterial. If it were present the defendants' device would operate precisely as it does now.

The motion is granted.